Mr. Chief Justice Sharkey
delivered, the opinion of the court.
The objects of this bill are twofold; 1st, to vacate a sale of a lot, made under an execution, in favor of Stanton, Buckner & Co., against complainants, at which Helm became the purchaser, and has instituted ejectment for the premises; and if that cannot be done, then, 2d, for relief against an execution in favor of Parker, on the ground that it should be satisfied out of the lot in question, and further to have refunded the amount which complainants paid on an execution in favor of the Planters’ Bank, because that too should have been satisfied in the same way.
Rhasa Parker and the Planters’ Bank had both recovered judgments against the complainants. The executions were levied on the lot, and it was appraised at $35,000. Failing to bring two thirds of its value, the sale was postponed. In the mean time, Stanton, Buckner <fc Co. recovered their judgment for $16,212, which was afterwards reversed, but before the reversal, execution was levied on the same lot which was then under the levy of the two former executions; it was again appraised, and the appraisers deducted from its value the amount of the two executions which were then levied on it, and valued it, subject to the incumbrances, at $10,842. It was offered for sale, and Helm became the purchaser at $7228, and the plaintiffs in execution directed the sheriff to make him a deed, as he had arranged the amount of the bid with them.
The purchase by Helm is attacked on several grounds. It is said that he is not a bona fide purchaser, and is therefore affected by the reversal of the judgment. The bill charges that he either gave his notes for the amount, or it was arranged by liquidating the indebtedness of Stanton, Buckner & Co. to him. A discovery on this subject is called for, and Helm answers that part of the amount bid by him was appropriated by arrangement in satisfaction of the indebtedness of the plaintiffs in execution, and the balance he paid them in cash. If he had paid them the money, it would have been the same thing as though *187 it had been paid to the sheriff. If they agree to receive the amount bid by him in discharge of their indebtedness, it is in effect the same thing. The object of the sale was to satisfy them, and it is accomplished. The defendants are discharged to the extent of the bid. This branch of the subject was considered when the ejectment suit of Helm was before this court. 8 S. & M. 197. The validity of the transaction was then sustained, and its aspect is not so materially changed as to authorize a court of chancery to vacate the sale. It is alleged that when Helm made the purchase, Stanton, Buckner ■& Co. were in failing circumstances, and not long afterwards became bankrupts. If this were true, it would not necessarily vitiate a sale made under execution ; but the answer denies that respondent knew any thing of their intention to take the benefit of the bankrupt act, and avers that the purchase was made in good faith, at a fair and open public sale.
It is also alleged, that the appraisers transcended their authority in taking into consideration the amount of the two previous executions which had been levied on the property, and furthermore that the property was not subject to sale, as it was then subject to the levy of the prior executions. These questions were also very fully considered in the case in 8 S. & M. The appraisement was sustained, as was also the right to sell the property under this execution. The bill does not set up any circumstances in addition to those which were relied on in the previous investigations. There is nothing therefore which can justify an interference with Helm’s title, and we proceed to the other questions presented by the bill.
It seems that after Helm purchased under the execution of Stanton, Buckner & Co., he purchased the judgments in favor of Parker and the Planters’ Bank, on which writs of venditioni exponas issued after the stay caused by the failure to sell under the first valuation. The levies under the writs of fieri facias were pending on the property at the time Helm purchased; it had been valued with a view to these circumstances, and Helm purchased subject to them. The plaintiffs had not only a general lien by virtue of their older judgments, but they had levied *188 their executions on the property, and had thus acquired a specific lien, which was suspended by virtue of the appraisement law, and the hands of the plaintiffs tied for twelve months, during which time the property still remained in the hands of the law as the subject of the levy. At the expiration of that time the law had directed that it should be sold for whatever it would bring. Under the circumstances, Helm was bound to submit to the sale, or to relieve his property by paying off the' incumbrances. It is expressly decided, in the case above referred to-, that he was bound to satisfy the liens. He purchased at a valuation which was made subject to them, and thus received the benefit, and the complainants must be losers to that- amount unless he be compelled to relieve them1. He bought an incumbered property, and must take it with the incumbrances. The complainants aver that they were compelled to pay off the Planters’ Bank execution. If this be so, of course Helm must refund the amount to them. In doing so, they relieved his property from an incumbrance under which it was bound to be sold, and he is of course benefited to that extent. And this is so-,- whether' he be the assignee of the judgment or not; that circumstance makes no difference, or if it does, it increases his obligation to refund, because as assignee he should never have issued an execution which he himself was first liable to pay. The property of the complainants had already been virtually appropriated to the payment of this same execution; they are doubly losers unless he be compelled to refund.
With regard to the Parker execution, the same rule must apply, so far as to exonerate the complainants from liability, if Helm is the assignee. They are entitled to have the execution perpetually enjoined as to all other property, and this, as to them, is equivalent to an entry of satisfaction, which is prayed for. If Helm desires to sell his own property under his own execution, no very good reason is perceived why he should not be permitted to do so, and perhaps the complainants are the last persons who should complain at such a course.
On motion, the vice-chancellor dissolved the injunction so far' as to allow Helm to sell the lot under the Parker execution, but *189 not so far as-to allow him to proceed against the complainants as to any other property. And he was also permitted to prosecute the ejectment suit to judgment.
The defendant demurred to all that part of the bill, which related to the assignment and subsequent proceedings under the Parker execution, and the prayer that satisfaction might be entered, and that he might be enjoined from further proceedings thereon; and also to all that part of the bill which related to the Planters’ Bank execution, and the prayer that the amount thereof might be refunded.
He further demurred to that part of the bill which relates to the judgment of Stanton, Buckner & Co., including the allegations as to the appraisement, the purchase by Helm, the illegality of his title, the institution of the ejectment, &c. &c.
The first and second demurrers were overruled, and leave given to answer. The third demurrer was sustained, and cross-appeals were prayed for and allowed, the vice-chancellor deeming them necessary to settle the principles of the case.
His decisions seem to have been strictly correct, and are affirmed, and the cause remanded.